UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 19-24668-CIV-LENARD/O'SULLIVAN

DEBORAH REED,

      Plaintiff,

vs.

ROYAL CARIBBEAN CRUISES, LTD.,
A foreign corporation,

      Defendant.

_____/

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

The Defendant, ROYAL CARIBBEAN CRUISES, LTD., by and through undersigned counsel and pursuant to Rule 56.1 of the Local Rules governing the Southern District of Florida and Rule 56 of the Federal Rules of Civil Procedure, hereby respectfully moves the Court for entry of Summary Judgment in its favor, and as grounds therefor, states as follows:

### BACKGROUND

This is a maritime personal injury action wherein Plaintiff alleges she sustained injury while dancing with a fellow passenger. Specifically, the CCTV depicts Plaintiff dancing consensually with a passenger and then losing her balance, resulting in her falling. Plaintiff has since attempted to contort this case from a dancing incident into a "security" incident. Plaintiff's Second Amended Complaint was filed on May 26, 2020. [DE# 35].

Plaintiff's Second Amended Complaint contains four counts of negligence, three against Defendant and one against the other passenger involved in her incident, JOHN DOE[1]. [DE# 35]. Defendant will only address counts I, II and III, as count IV does not pertain to Defendant.

---

[1] JOHN DOE has been identified as Augustine Morris. Defendant has provided Plaintiff with Mr. Morris' contact information. Plaintiff has not amended her second amended complaint to reflect this. Upon information or belief,

Plaintiff's Second Amended Complaint alleges a host of duties which are higher than that of reasonable care under the circumstances. *See* [DE# 35]. These duties range from a "duty to supervise and monitor passengers participating in RCCL-sponsored activities;" a duty to warn "Plaintiff and other passengers of the dangers and/or likelihood of uninvited physical contact aboard the vessel by intoxicated and/or unruly passengers"; and a duty to Plaintiff "to effectively monitor alcohol consumption of passengers participating in the dance parties." *See* [DE# 35, ¶ 18, 43, 59].

Plaintiff alleges Defendant breached these duties, in a rather shotgun fashion, as follows:

a. Failed to maintain and/or operate proper crowd control procedures in the RCCL-sponsored dance parties; and/or b. Failed to provide reasonably safe conditions for passengers participating in RCCL-sponsored activities, such as the dance parties and "The Hustle" line dance. Said safe conditions include, but are not limited to, the prevention of permitting an atmosphere to exist wherein persons could hurt passengers; and/or physically assault passengers; and/or c. Failed to adequately supervise and control passenger activity in the RCCL sponsored dance parties; and/or d. Failed to adequately monitor aggressive and/or unruly passengers; and/or e. Failed to enforce its "Guest Conduct Policy" and/or other internal policies and/or guidelines regarding unruly, drunken, and/or excessive behavior that affects other passengers; and/or f. Failed to effectively monitor alcohol consumption of passengers participating in the RCCL sponsored dance parties; g. Failed to prevent uninvited physical contact aboard RCCL's ships; and/or h. Failed to engage proper and reasonable safeguards to prevent passengers from being injured while participating in RCCL-sponsored dance parties; and/or i. Failed to comply with applicable standards, statutes, or regulations the violation of which is negligence per se and/or evidence of negligence; and/or j. Created a risk-creating condition and/or failing to remedy a risk-creating condition which was known by the RCCL and which in the exercise of reasonable care should have been known by the RCCL; and/or k. All other acts or omissions constituting a breach of the duty to use reasonable care revealed through discovery. . . breached the duty of reasonable care owed to the Plaintiff and was negligent by failing to warn Plaintiff and other passengers of the dangers and/or likelihood of uninvited physical contact aboard the vessel by intoxicated and/or unruly passengers . . . a. Failure to effectively monitor alcohol consumption of passengers; b. Failure to regulate passenger consumption of alcohol; c. Failing to supervise passengers who have purchased the all you can drink beverage package and or otherwise engaging in the dance party atmosphere promoted and marketed by RCCL; d. Failing to supervise the crew members who are serving alcohol to the passengers; e. Failing to promulgate

---

Plaintiff has not set Mr. Morris for deposition. Defendant will refer to JOHN DOE as Mr. Morris throughout this and its contemporaneous filing.

and/or enforce adequate policies and/or procedures regarding the over service of alcohol to passengers;  f. Failing to adequately train its employees/agents whose duty it was to spot warning signs of oncoming intoxication and stop service of alcohol to passengers to prevent them from becoming intoxicated, so as to avoid the dangers and risks associated with drunken behavior and/or uninvited physical contact;  and/or g. Failing to comply with applicable standards, statutes, or regulations the violation of which is negligence per se and/or evidence of negligence; and/or h. Creating a risk-creating condition and/or failing to remedy a risk-creating condition which was known by the Defendant and which in the exercise of reasonable care should have been known by the Defendant; and/or i. All other acts or omissions constituting a breach of the duty to use reasonable care revealed through discovery.

[DE# 35¶ 24, 43, 63].

Under Proximate Cause, Plaintiff asserts: "Plaintiff's injuries would not have occurred because an adequately trained and/or supervised crewmember would have monitored the dance party so as to prevent intoxicated and/or unruly passengers from initiating uninvited physical contact with other participants;" "Plaintiff's injuries would not have occurred as Plaintiff would not have participated in the subject dance party if she had been adequately warned of the dangers presented by intoxicated and/or unruly passengers;" "Plaintiff's injuries would not have occurred because the intoxicated passenger who injured Plaintiff would not have been intoxicated if he had not been overly-served alcohol by Defendant and Defendant's crew." [DE# 35¶ 25, 44, 64].

There is no evidence in the record indicating Defendant had any notice of any of these dangerous conditions pled by Plaintiff.  To suggest otherwise would be a logical leap in the record and would require this Court to engage in guesswork and speculation. In fact, Plaintiff fails to adduce evidence that a dangerous condition ever existed.

Plaintiff never requested criminal charges be pressed against Mr. Morris and the record reflects that she made no indication to Defendant's staff that the subject incident occurred because Mr. Morris was intoxicated and/or aggressive during Defendant's investigation.

As seen in the CCTV video, Plaintiff was dancing on a packed dance floor with a multitude of other passengers. She then begins to dance consensually with Mr. Morris. Finally, she proceeds

to lose her balance on the third twirl she performs with Mr. Morris. There is no question that the condition of the dance party was open and obvious and should have been observed by Plaintiff had she been exercising reasonable care for her own safety under the circumstances and utilizing her ordinary senses.

The Defendant respectfully submits that the undisputed material facts render this matter ripe for entry of an order granting summary judgment in favor of Defendant. Plaintiff cannot prove that Defendant was on notice of the alleged risk-creating condition, i.e., a failure to train its staff, failure of the staff to supervise the dance floor after the group dance had ended, an over-service of Mr. Morris, and/or an environment which promotes over-consumption of alcohol and assault. Plaintiff fails to offer a shred of evidence that Defendant knew, or should have known, of these conditions, nor does Plaintiff provide any evidence these conditions existed, or how long they were present before Plaintiff's alleged fall. Plaintiff has similarly offered no record evidence that Defendant knew about any of these conditions.

The undisputed material facts establish that Defendant had no notice of the alleged risk creating condition and there is no record evidence that Defendant was on actual or constructive notice that the subject area was a risk-creating condition. It is expected that Plaintiff will attempt to create an issue of fact by arguing that Plaintiff fell and therefore Defendant was on notice of the alleged condition. However, this circular reasoning is faulty logic. Federal courts have repeatedly held that just because an incident occurs does not mean Defendant was on notice of the alleged risk-creating condition. Other than mere conclusory statements, Plaintiff fails to present any evidence that Defendant was on notice of the alleged dangerous conditions in this case.

It is undisputed Defendant owed Plaintiff the well settled duty owed to passengers by shipowners under the general maritime law: reasonable under the circumstances. Defendant respectfully submits that summary judgment in its favor is proper on the grounds that 1) Plaintiff

has failed to adduce any evidence that the subject conditions were in fact dangerous conditions; 2) Plaintiff has not adduced any evidence that Defendant was on actual or constructive notice of the alleged dangerous conditions; and 3) Defendant did not have a duty to warn of the alleged dangerous condition due to their open and obvious nature.

Plaintiff has not shown any evidence that Defendant or any crewmember was aware that Mr. Morris was overtly intoxicated. Further, Plaintiff is unable to provide evidence that Defendant was on notice of Mr. Morris's alleged condition at the time of the subject incident. Additionally, Plaintiff is unable to demonstrate the existence of a genuine issue of material fact as to any of the foregoing. Thus, Defendant cannot be held liable for Plaintiff's incident and is entitled to summary judgment in its favor.

## MEMORANDUM OF LAW

### I.    Summary Judgment is designed to dispose of factually unsupported claims.

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against the party who fails to make a showing sufficient to establish the existence of any element essential to that party's case, and on which that party will bear the burden of proof at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548 (1986); *Hilburn v. Murata Electronics North America Inc.*, 181 F.3d 1220, 1225 (11th Cir. 1999).

The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S. Ct. 1598 (1970). Once the moving party has met its burden, however, the party opposing the summary

judgment may not simply rely on the pleadings or mere denials of the allegations; rather, the opposing party must adduce specific evidence showing that material facts are in dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S. Ct. 2505 (1986) ("the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact"); *United States v. $183,791.00*, 391 F. App'x 791, 794 (11th Cir. 2010). A non-movant "cannot defeat summary judgment by relying upon conclusory assertions." *Maddox-Jones v. Bd. of Regents of Univ. Sys.*, 448 F. App'x 17, 19 (11th Cir. 2011).

As the United States Supreme Court announced in *Celotex*, "one of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims..., and we think it should be interpreted in a way that allows it to accomplish this purpose." *Id.* at 324.

## II.      Essential Elements of Plaintiff's Claims

The law is clear that Plaintiff's claims are governed by the general maritime law. *Keefe v. Bahama Cruise Line, Inc.,* 867 F.2d 1318 (11th Cir. 1989). Plaintiff must prove the following elements to prevail in a negligence action under the general maritime law: (1) the defendant owed the plaintiff a duty; (2) the defendant breached that duty; (3) the defendant's breach was the proximate cause of the plaintiff's injuries; and (4) the plaintiff suffered damages. *Isbell v. Carnival Corp.*, 462 F.Supp.2d 1232, 1236 (S.D. Fla. 2006).

The cruise ship operator owes its passengers the duty to exercise reasonable care under the circumstances. *Kermarec*, 358 U.S. at 630, 79 S. Ct. at 410; *Everett v. Carnival Cruise Lines, Inc.,* 912 F.2d 1355, 1358 (11th Cir. 1990); *Keefe*, 867 F.2d at 1322. The ship operator is not, however, an insurer to its passengers; it is liable only for its negligence. *Keefe*, at 1322. The cruise ship operator is not the insurer of the safety of the passengers and does not become liable merely because an accident occurs. *Luby v. Carnival Cruise Lines, Inc.*, 633 F.Supp. 40, n.1 (S.D. Fla.

1986).

The cruise line owes the duty to take corrective action to prevent passenger injuries only where it knows or should know of the dangerous condition. *Adams v. Carnival Corp.*, 2009 U.S. Dist. LEXIS 122822, *9-10 (S.D. Fla. 2009) (S.D. Fla. 2009). A cruise line owes the duty to warn its passengers of those dangers that "the cruise line knows or reasonably should have known," and "which are not apparent and obvious to the passenger." *Smolnikar v. Royal Caribbean Cruises Ltd.*, 787 F.Supp.2d 1308, 1315 (S.D. Fla. 2011).

To prove a breach of the cruise line's legal duties, the Plaintiff must show: (1) a dangerous condition existed; (2) Defendant was on actual notice of the dangerous condition; and (3) if Defendant did not have actual notice, it was on constructive notice that the dangerous condition existed for an interval of time sufficient to allow it to implement corrective measures. *Noble v. Carnival Corp.*, 2016 U.S. Dist. LEXIS 175005 (S. D. Fla. 2016) (citations omitted).

Where, as is the case here, the plaintiff relies on speculation and fails to prove a breach of the standard of care, the claim for negligence must fail and summary judgment is properly granted. *Mercer v. Carnival Corp.*, 2009 U.S. Dist. LEXIS 9093 (S.D. Fla. 2009); *Wiener v. Carnival Corp.*, 2012 U.S. Dist. LEXIS 151395, *6 (S.D. Fla. October 22, 2012).

### III.    This matter is ripe for Summary Judgement as Defendant did not owe Plaintiff a duty to warn of any of these alleged dangerous conditions

"An owner of a ship in navigable waters merely owed its passenger a duty of exercising reasonable care when a passenger was injured while dancing onboard a ship." *Miller v. NCL (Bahamas) Ltd.*, 2016 U.S. Dist. LEXIS 184983, *13, 2016 WL 4809347 (S.D. Fla. Apr. 5, 2016). An active dance floor is an inherently "uncontrolled environment." *see Snider-Hancox v. NCL Bah. LTD.*, 2018 U.S. Dist. LEXIS 224453, *10, 2018 WL 6308683 (S.D. Fla. Sep. 26, 2018) (distinguishing a lounge as not "at first glance, mirror the uncontrolled environment of an active dance floor").

Defendant had no duty to warn Plaintiff of the alleged dangerous conditions because they were open and obvious. Under federal maritime law, a ship operator has no duty to warn "if the danger is open and obvious to a reasonable person." *Malley v. Royal Caribbean Cruises Ltd.*, 713 F. App'x 905, 907 (11th Cir. 2017). "Further, a cruise ship operator's duty of reasonable care includes a duty to warn passengers of dangers of which the carrier knows or should know, but *which may not be apparent to a reasonable passenger*." *Taiariol v. MSC Crociere*, S.A., No. 0:15-CV-61131-KMM, 2016 U.S. Dist. LEXIS 48966, 2016 WL 1428942, at *3 (S.D. Fla. Apr. 12, 2016), *aff'd*, 677 F. App'x 599 (11th Cir. 2017) (emphasis added). Open and obvious conditions are those that should be obvious by the ordinary use of one's senses. *Lugo v. Carnival Corp.*, 154 F. Supp. 3d 1341, at *4 (S.D. Fla. 2015) (quoting *Lancaster v. Carnival Corp.*, 85 F. Supp. 3d 1341, 1344 (S.D. Fla. 2015) (noting that open and obvious conditions are "discernible through common sense and the ordinary use of eyesight")). Whether a danger is open and obvious is determined from an objective, not subjective point of view. *Flaherty v. Royal Caribbean Cruises, Ltd.*, 2015 U.S. Dist. LEXIS 165485 (S.D. Fla. 2015). This objective point of view "asks whether a reasonable person would have observed the condition and appreciated the nature of the condition." *Malley*, 713 F. App'x at 908. "Where a danger is open and obvious, there is no duty to warn." *Yusko v. NCL (Bah.) Ltd.*, 424 F. Supp. 3d 1231, 1234 (S.D. Fla, Jan. 3, 2020) (citing *Smith v. Royal Caribbean Cruises*, Ltd., 620 F. App'x 727, 730 (11th Cir. 2015).

The law of the Southern District reflects that the open and obvious analysis is not confined to premises liability matters and that "Courts have consistently held that under federal admiralty law, cruise ship operators have no duty to warn of a danger that is open and obvious." *Yusko*, 424 F. Supp. 3d at 1235. The *Yusko* case is quite instructive for this matter. While there is a key distinction, much of the analysis remains the same. The Court in *Yusko* addressed the open and obvious analysis prior to its analysis of notice because if there was an open and obvious finding,

subsequent notice discussion would be moot as the plaintiff would not survive summary judgement based on the fact that there is no duty to warn when the danger is open and obvious. *Id.* at n. 2. Defendant will address the issues for this Court in the same fashion, as it believes the facts of record are clear that no reasonable jury could infer the hazard alleged was not open and obvious.

In *Yusko*, the Court stated that, "[g]enerally, falling while dancing with a partner is the type of danger that is open and obvious to the reasonable person." 424 F. Supp. 3d at 1236. (citing *Young v. Carnival Corp.*, No. 09-21949-CIV, 2011 U.S. Dist. LEXIS 10899, 2011 WL 465366, at *4 (S.D. Fla. Feb. 4, 2011) (holding that tripping while hiking is an open and obvious danger); *Isbell v. Carnival Corp.*, 462 F. Supp. 2d 1232, 1237-38 (S.D. Fla. 2006) (holding that encountering snakes while in a rainforest is an open and obvious danger); *Krug v. Celebrity Cruises, Inc.*, No. 16-22810-CIV, 2017 U.S. Dist. LEXIS 155861, 2017 WL 4277165, at *3 (S.D. Fla. Sept. 25, 2017), aff'd, 745 F. App'x 863 (11th Cir. 2018) (holding that tripping while running across a dancefloor is an open and obvious danger)); see *Salazar v. Norwegian Cruise Line Holdings, Ltd.*, 188 F. Supp. 3d 1312, 2016 U.S. Dist. LEXIS 67395, 2016 WL 2961584, at *3 (S.D. Fla. May 23, 2016) ("'Drawing from the well of human experience leads one to the realization' that liquid may be spilled on a dance floor when that dance floor is populated by intoxicated, dancing cruise ship passengers. Under these circumstances, spilled liquid on a dance floor is 'open and obvious to any reasonably prudent person through the exercise of common sense and the ordinary use of their eyesight.'") (internal citations omitted);

In *Yusko*, the plaintiff was injured while dancing with a crewmember, Michael Kaskie ("Kaskie"), a professional dancer employed by NCL. 424 F. Supp. 3d at 1233. Yusko survived summary judgement on open and obvious, but lost on notice, because the Court found that the manner in which the professional dancer was dancing with Yusko created an issue of material fact. The court's reviewed the CCTV video of the Yusko incident and held that, in viewing it in the

light most favorable to Yusko, that there was a dispute of fact as to whether Kaskie's manner of dancing was unreasonably or unforeseeably dangerous. 424 F. Supp. 3d at 1236.

The key distinction between the instant and the *Yusko* case is that the dance partner of the injured plaintiff was an employee of the cruise line which had been dancing aggressively with Yusko and in the instant matter, it was a fellow passenger. Additionally, Plaintiff does not assert that the manner of this dance party was unforeseeably or unreasonably dangerous. [D.E. 35, ¶ 43-44]. In fact, Plaintiff does not even allege that the failure to warn was of uninvited touching by intoxicated persons during dance parties, only a broad failure to warn of the "of the dangers and/or likelihood of uninvited physical contact aboard the vessel by intoxicated and/or unruly passengers." [D.E. 35, ¶ 43]. Plaintiff alleges that her injury would not have occurred but for Defendant not warning her of the "dangers presented by intoxicated and/or unruly passengers." [D.E. 35, ¶ 44]. For Plaintiff to assert that she "would not have participated in the subject dance party" if she would have been warned of the general "dangers presented by intoxicated and/or unruly passengers" is quite the statement. Defendant would say that the assertion would be akin to saying a snake bitten passenger would not have gone into the rainforest but for the failure to warn that she may have encountered snakes; but the assertion is more in tune with stating she would not have swam in the river within the rainforest but for the failure to warn of the dangers and/or likelihood of uninvited physical contact from reptiles in the rainforest.

Plaintiff's own testimony speaks to the open and obvious dangers presented by intoxicated individuals. Plaintiff testified that "[w]hen someone is drunk, they're extra happy.  You know, they're -- they don't -- they're just not into watching what they're doing very much.  They just do it." [Deposition of Plaintiff, filed as exhibit 2 of the contemporaneous filing, Ex. 2, p. 67]. Plaintiff, as would any reasonable person, admits to knowing the dangers presented by intoxicated individuals. Plaintiff also testified that she believed Mr. Morris to be drunk prior to their dancing.

*Id.* Plaintiff had many chances to avoid the routine fall she was involved and yet decided to repeatedly assume the risk of open and obvious hazards.

As Plaintiff undoubtably knows or should have known of the obvious hazards presented by intoxicated and/or unruly passengers, Plaintiff's count II must fail because she has not proven that defendant's negligence was the proximate cause of her injury. Plaintiff contends that she would not have participated in the dancing but for her not being warned of this painfully obvious general hazard.

Defendant respectfully requests that this Court find that Defendant did not have a duty to warn Plaintiff of the general dangers presented by intoxicated and/or unruly passengers as pled because that is a danger that is open and obvious to the reasonable person. Defendant respectfully requests this rule Count II is ripe for judgement and judge in its favor.

### A.  Plaintiff has not adduced evidence which a reasonable jury could infer dangerous conditions existed, much less that Defendant had any notice of them

In the alternative, and without conceding the above arguments regarding the open and obvious condition in anyway, Defendant did not have actual or constructive notice of the alleged hazardous conditions. Plaintiff fails to adduce evidence from which a reasonable jury could infer that the dangerous conditions pled existed at all.

The District Court for the Southern District of Florida has held that "[s]imply alleging that [the defendant] owed [the] Plaintiff a duty of 'reasonable care' in a conclusory fashion, while also pleading alleged breaches that purport to impose a heightened duty upon [the defendant], is not sufficient to state a valid negligence claim under maritime law." *Brown v. Carnival Corp.*, 202 F. Supp. 3d 1332, 1338 (S.D. Fla. 2016).

 A plaintiff's failure to prove the defendant had actual or constructive notice of the hazard is fatal to the plaintiff's claim. *Taiariol v. MSC Crociere S.A.*, 677 Fed. Appx. 599,2017 WL 382316 (11th Cir. 2017) (holding that even if allegedly dangerous condition were not open and

obvious, summary judgment was still warranted because plaintiff did not present evidence that

defendant had notice of any risk-creating condition).

The general maritime law within the Eleventh Circuit Court of Appeals is clear, as stated

in *Keefe*:

> [W]e hold that the benchmark against which a shipowner's behavior must be
> measured is ordinary reasonable care under the circumstances, ***a standard which***
> ***requires, as a prerequisite to imposing liability, that the carrier have had actual***
> ***or constructive notice of the risk-creating condition,*** at least where, as here, the
> menace is one commonly encountered on land and not clearly linked to nautical
> adventure.

*Keefe,* 867 F.2d at 1322 (emphasis added).

It is also well-settled that the burden rests with the plaintiff to prove notice, whether actual

or constructive, as well as the existence of notice for a sufficient interval of time to allow for

corrective action. *See generally Keefe,* 867 F.2d at 1322; *Monteleone v. Bahama Cruise Line, Inc*.,

838 F.2d 63, 65-66 (2d Cir. 1988).

The "mere implication" of actual or constructive notice is insufficient to survive summary

judgment. *See Adams*, 2009 U.S. Dist. LEXIS 122822 at *9-10 (finding that for the plaintiff to

survive summary judgment, "mere implication of notice" was insufficient and that the plaintiff

needed to show "specific facts demonstrating, at least, that the purported defect was detectable

with sufficient time to allow for corrective action"). Knowledge that the condition exists is not

sufficient, the defendant must also know that the condition is dangerous. *Malley v. Royal*

*Caribbean Cruises Ltd.*, 713 F.App'x 905, 907 (11th Cir. 2017). The fact that passengers can

become injured does not put the ship owner on notice of the specific risk-creating condition in a

given case. *Taiariol*, 677 Fed. Apps. at 601. A cruise ship only has a duty to protect passengers

from dangers of which it has notice. *Malley*, 713 F. App'x at 907; *Keefe*, 867 F.2d at 1322 ("[the

standard of ordinary reasonable care] requires, as a prerequisite to imposing liability, that the

carrier have actual or constructive notice of the risk-creating condition, at least where . . . the menace is one commonly encountered on land not clearly linked to nautical adventure.").

Inferences which rely upon speculation and guesswork are insufficient to prevail over a properly pled motion for summary judgment. "An inference is not reasonable if it is only a guess or a possibility, for such an inference is not based on the evidence but is pure conjecture and speculation." *Daniels v. Twin Oaks Nursing Home*, 692 F.2d 1321, 1324 (11th Cir. 1982)).

The substantial similarities in facts between the present case and those of *Monteleone* warrant a closer look into the sound reasoning behind *Monteleone's* ruling and its continued authority. In *Monteleone*, 838 F.2d at 66, the Second Circuit reversed the District Court's ruling that initially found the defendant liable for negligence. The court reversed judgment upon a finding that the plaintiff failed to prove the defendant had constructive notice of a screw protruding from a "stair nosing" and therefore the judge engaged in impermissible speculation. *Id*. To reach this conclusion, the Second Circuit concluded that merely allowing a screw to protrude from the stair nosing does not constitute a breach of reasonable care owed to the plaintiff. *Id*. at 65. The court noted that no witness testified to seeing the protruding screw prior to the incident. *Id.* at 66. There was testimony from the defendant that indicated the stairs were cleaned and inspected on a regular basis and no defect was detected prior to the incident. *Id*. Because the record was devoid of any evidence indicating that the condition of the dislodged, raised screw existed long enough to put defendant on notice, the judgment was properly reversed. *Id.* Finally, the Second Circuit took note that the District Court did not expressly rely on the plaintiff's expert's opinion that the screws might work loose gradually, and, even if it did, the testimony would **not** be evidence that the condition existed for a sufficiently long period of time to charge defendant with constructive notice. Id. at n. 2 (emphasis added).

Similar to the District Court's ruling in *Monteleone*, Plaintiff has failed to prove the alleged conditions existed for a sufficiently long period of time to charge defendant with constructive notice. *Monteleone*, 838 F.2d at 66 n. 2.

Plaintiff has not adduced any evidence that Defendant has had a problem with passengers being injured during dance parties due to the intoxication of another passenger. In fact, the record reflects that there were no substantially similar incidents to Plaintiff's in the last three years. *See* [Deposition of Amanda Campos, filed as exhibit 6 in this contemporaneous filing. Ex. 6, p. 48]. There is no evidence in the record which reflects that Defendant was on actual or constructive notice that its employees were not properly trained. There is no evidence in the record which reflects that Defendant was on constructive notice that its employees were not properly supervising its dance events in general. There is no evidence in the record which reflects that Defendant was on actual or constructive notice that its employees were not properly supervising its dance events in the instant case.

A plaintiff cannot avoid the obligation to prove actual or constructive notice by alleging that Defendant created the hazard alleged.  Here, Plaintiff cannot distinguish the binding precedent rejecting this type argument. *Pizzino v. NCL (Bahamas) Ltd.*, 709 Fed. Appx. 563 (11th Cir. 2017). Plaintiff cannot avoid *Pizzino* or the requirement to prove Defendant had actual or constructive notice of the alleged hazards in the present case, which is in sum, an unsupervised dancefloor and a fellow passenger.

Plaintiff bears the affirmative legal burden of demonstrating actual or constructive notice of the risk creating condition, even where such condition is thought to have been caused by the Defendant.  In *Pizzino v. NCL (Bahamas) Ltd.*, the Eleventh Circuit affirmed the District Court's decision declining a jury instruction stating that actual or constructive notice need not be found. 709 F. App'x 563 (11th Cir. 2017). There, plaintiff fell after a crewmember carried buckets of

water and cleaning solution down a hallway. *Id*. at 564. Although the crewmember testified that she did not spill any liquid from the buckets—only wiping the floor after the fall to placate the guests—plaintiffs sued Norwegian Cruise Line alleging the crewmember had been the cause of a hazardous condition of the floor. *Id*.

During the *Pizzino* trial, the plaintiffs proffered a jury instruction stating that actual or constructive notice was not necessary since Norwegian *caused* the hazardous condition. *Id*. The lower court and the Eleventh Circuit disagreed, believing that actual or constructive notice remained the proper standard in such cases. *Id*. at 567. In reaching its decision, the court analyzed and rejected *Rockey*, a case stating an operator could be liable without notice where there is an "unsafe or foreseeably hazardous condition." *Id*. (citing *Rockey v. Royal Caribbean Cruises, LTD.*, CASE NO: 99-708-CIV-GOLD/SIMONTON, 2001 U.S. Dist. LEXIS 21886, at *13 (S.D. Fla. Feb. 20, 2001)).

In finding *Rockey*'s decision to be based upon a weak legal foundation, the court in *Pizzino* relied on *Everett*, concluding ultimately, "[W]e have no trouble concluding that *Rockey* and its progeny were wrongly decided." *Id*. at 567 (citing to *Everett v. Carnival Cruise Lines*, 912 F.2d 1355 (11th Cir. 1990)). In *Everett*, the Eleventh Circuit reversed the District Court's denial of the defendant's motion for retrial, finding that without actual or constructive notice (even with the defendant's supposed 55% fault), the Defendant could not be found liable and was entitled to retrial. *Everett*, 912 F.2d at 1359.

The Southern District of Florida follows *Pizzino*'s holding actual or constructive notice is the standard for notice under federal maritime law. *Morhardt v. Carnival Corp.*, 304 F. Supp. 3d 1290 (S.D. Fla. 2017).  In *Morhardt*, the plaintiff was allegedly electrocuted when a defective hairdryer exposed his hand to its wiring, shocking his body and burning his hand. *Id*. at 1291. Rejecting the plaintiff's arguments for an exception where the defendant creates and/or causes the

risk-creating condition, the Court stated that "the Eleventh Circuit's recent opinion in *Pizzino* squarely rejects any exception to the notice requirement," and granted Defendant's motion for summary judgment. *Id*. at 1295, 1300. Here, Plaintiff cannot avoid *Pizzino* or the requirement to prove Defendant had actual or constructive notice of the hazard.  Recently, the Eleventh Circuit affirmed these principles and held that it is essential that the passenger plaintiff prove the ship-owner was on notice that the condition created a risk:

> [i]n order for Defendant to be liable for negligence, it must have had actual or constructive notice that a condition creates a risk. Knowledge that the condition exists is not sufficient, the defendant must also know that the condition is dangerous. We cannot automatically impute awareness of the danger just because the defendant created the condition. To demonstrate notice, the plaintiff can point to previous injuries or show that the defendant previously warned of the danger.

*Malley v. Royal Caribbean Cruises Ltd.*, No. 17-11437, 2017 U.S. App. LEXIS 22497, at *6 (11th Cir. Nov. 9, 2017) (internal citations omitted).

However, the Court explained that a reasonable person would have perceived the conditions through ordinary use of their senses "based on the circumstances as a whole." *Id.* On appeal, the Eleventh Circuit affirmed, finding that the plaintiff "cannot establish that [the cruise line] had a duty to warn her about the wet or slippery nature of the external decks because it was an open and obvious condition of which she was or should have been aware." *Marshall v. Royal Caribbean*, 706 F. App'x 620, 621 (11th Cir. 2017) (citing *Isbell*, 462 F. Supp. 2d at 1238). The Court went on to explain that the cruise line "had no duty to protect [the plaintiff] from any dangerous condition of which it had no actual or constructive notice." *Id.* (citing *Keefe*, 867 F.2d at 1322).

Here, there is no evidence that Defendant had any notice of the alleged dangerous conditions.  In the present case, even if it were alleged that Defendant created any alleged hazard, Plaintiff fails to meet her burden to prove Defendant had actual or constructive notice of the alleged

hazard, as no record evidence exists to corroborate notice of a failure to train its staff, maintain the dancefloor, monitor the alcohol intake of passengers, act reasonably under the circumstances, and/or that Mr. Morris was intoxicated at the time of the subject incident.

Plaintiff has failed to set forth sufficient evidence which would allow a reasonable fact finder to conclude that Defendant had actual or constructive knowledge that Mr. Miller's presence on the dance floor would create a dangerous condition while individuals were dancing on the dance floor. *See Miller*, 2016 U.S. Dist. LEXIS 184983, at *19.

Plaintiff has not adduced evidence which reflects that Mr. Morris was intoxicated at the time of the Subject Incident. Plaintiff has not adduced evidence which reflects that Defendant over-served Mr. Morris on the day of the subject incident. Plaintiff has not adduced evidence which reflects that Defendant was on actual or constructive notice that Mr. Morris was drunk, unruly, erratic, aggressive and/or intoxicated. In fact, Plaintiff herself testified that there was nothing about Mr. Morris' actions prior to their incident which appeared to her as violent. [Deposition of Plaintiff, filed as exhibit 2 of the contemporaneous filing, Ex. 2, p. 81]. The only scintilla of evidence in the record that Mr. Morris was intoxicated at the time of the subject incident came from Plaintiff's testimony. Plaintiff testified that the basis for her belief that Mr. Morris was drunk was that "[h]e was kind of loud, kind of clumsy." [Deposition of Plaintiff, filed as exhibit 2 of the contemporaneous filing, p. 68]. Defendant urges this Court to find that Plaintiff's basis for this entire suit resting on "[h]e was kind of loud, kind of clumsy" on a cruise dancefloor falls far short of Plaintiff's burden to prove that Mr. Morris was a hazard to Plaintiff, that Defendant created this hazard, that Defendant was on actual and/or constructive notice of this hazard, that Defendant over-served Mr. Morris, and/or that Defendant was the proximate cause of Plaintiff's injury. Plaintiff's own liability expert testified in his deposition that there was no indication from the evidence in the record that Mr. Morris was intoxicated at the time of the subject incident.

[Deposition of Richard Ferrero, filed as exhibit 9 of the contemporaneous filing, p. 185]. Plaintiff's liability expert also testified that, based on all the evidence that he reviewed, the same evidence available to this Court and that has been discussed at length in the instant motion and its contemporaneous statement of facts, there is no evidence that Mr. Morris was doing anything inappropriate or out of the ordinary. *Id.* at 91.

Defendant respectfully requests this Court find the evidence of record are that no reasonable jury could find Count III for Plaintiff.

**IV.    Conclusion**

Plaintiff has failed to establish that the hazards alleged were not open and obvious. Plaintiff has failed to prove that Defendant was on actual or constructive notice of any of the alleged hazards pled. Plaintiff was not able to establish whether Defendant failed to act reasonably under the circumstances. Plaintiff has failed to establish there were any accidents within the scope of discovery which were substantially similar to Plaintiff's incident. *See Prather v. NCL (Bah.), Ltd.*, 2020 U.S. Dist. LEXIS 108473, at *22 (S.D. Fla. June 19, 2020) ("vague details surrounding another incident cannot alone impute notice onto a defendant cruise line.") (citing *LeRoux v. NCL (Bah.), Ltd.*, No. 15-23095-CIV, 2017 U.S. Dist. LEXIS 120816, at *5). Other than vague details; Plaintiff did not provide Defendant with enough information at the time of the incident to impute notice of any sort of assault. Defendant was never presented with additional facts surrounding Plaintiff's incident at the time of the incident.  Without more, Defendant could not have known whether the incident amounted to an assault by an intoxicated passenger.

The dangers of intoxicated individuals is an open and obvious condition which Plaintiff should have been aware of.  The dangers of intoxicated individuals is an open and obvious condition which Plaintiff herself testified to be aware of. This analysis is conducted from an objective view, not the subjective view of what Plaintiff was doing or thinking at the time of her

incident.  Any reasonable person would know there are dangers associated with intoxicated and/or unruly passengers. There is no evidence in the record for a reasonable jury to find that

Finally, Plaintiff cannot establish that Mr. Morris was over-served at the time of the subject incident. There is no evidence in the record from which a reasonably jury could find that Mr. Morris was intoxicated, unruly and/or aggressive at times material to the subject incident. There is no evidence in the record from which a reasonably jury could find that Defendant was on actual or constructive notice that Mr. Morris was intoxicated, unruly and/or aggressive at times material to the subject incident

WHEREFORE, Defendant requests this Court enter summary judgment in its favor.

Dated:  November 30, 2020

  /s/ Joshua R. Lopez
**David J. Horr**
Florida Bar No.: 310761
dhorr@admiral-law.com
**Juan C. Perez, Jr.**
Florida Bar No.: 91581
jperez@admiral-law.com
**Joshua R. Lopez**
Florida Bar No.: 1020513
jlopez@admiral-law.com
HORR, NOVAK & SKIPP, P.A.
Two Datran Center, Suite 1700
9130 South Dadeland Boulevard
Miami, FL  33156
Telephone: (305) 670-2525
Facsimile:  (305) 670-2526
***Attorneys for Defendant, Royal Caribbean Cruises, Ltd.***

## <u>CERTIFICATE OF SERVICE</u>

WE HEREBY CERTIFY that on November 30, 2020, we electronically filed the foregoing

document with the Clerk of the Court using CM/ECF.  We also certify that the foregoing document

is being served this day on all counsel of record or pro se parties identified on the attached Service

List in the manner specified, either via transmission of Notices of Electronic Filing generated by

CM/ECF or in some other authorized manner for those counsel or parties who are not authorized

to receive electronic Notices of Electronic Filing.

*/s/ Joshua R. Lopez*

**David J. Horr**
Florida Bar No.: 310761
dhorr@admiral-law.com
**Juan C. Perez, Jr.**
Florida Bar No.: 91581
jperez@admiral-law.com
**Joshua R. Lopez**
Florida Bar No.: 1020513
jlopez@admiral-law.com
***Attorneys for Defendant, Royal Caribbean***
***Cruises, Ltd.***

## SERVICE LIST

**Spencer Marc Aronfeld**
Florida Bar No.: 905161
aronfeld@aronfeld.com
**Abby Hernandez Ivey**
Florida Bar No.: 1002774
aivey@aronfeld.com
ARONFELD TRIAL LAWYERS
1 Alhambra Plaza, Penthouse
Coral Gables, FL  33134
Telephone: (305) 441-0440
Facsimile:  (305) 441-0198
*Attorneys for Plaintiff, Deborah Reed*

**David J. Horr**
Florida Bar No.: 310761
dhorr@admiral-law.com
**Juan C. Perez, Jr.**
Florida Bar No.: 91581
jperez@admiral-law.com
**Joshua R. Lopez**
Florida Bar No.: 1020513
jlopez@admiral-law.com
HORR, NOVAK & SKIPP, P.A.
Two Datran Center, Suite 1700
9130 South Dadeland Boulevard
Miami, FL  33156
Telephone: (305) 670-2525
Facsimile:  (305) 670-2526
*Attorneys for Defendant, Royal Caribbean Cruises, Ltd.*