UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 19-24668-CIV-LENARD/O'SULLIVAN

DEBORAH REED,

    Plaintiff,

vs.

ROYAL CARIBBEAN CRUISES, LTD.,
A foreign corporation,

    Defendant.
_____/

## DEFENDANT'S RESPONSE TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

The Defendant, ROYAL CARIBBEAN CRUISES, LTD., by and through undersigned counsel and pursuant to Rule 56.1(b)(3)(C) of the Local Rules governing the Southern District of Florida and Rule 56 of the Federal Rules of Civil Procedure, hereby files its reply memorandum of law and respectfully moves the Court for entry of Summary Judgment in its favor, and as grounds therefor, states as follows:

    **I.    PLAINTIFF'S COUNT II FOR FAILURE TO WARN IS RIPE FOR JUDGMENT AS A MATTER OF LAW.**

In her response, Plaintiff purports that her "failure to warn *claims* should not be dismissed, as the dangers were not open and obvious as a matter of law." *See* (DE# 97, p. 4) (emphasis added). This assertion is inapposite to Plaintiff's Second Amended Complaint. Plaintiff only pled one count of failure to warn, Count II. *See generally* (DE# 35). Under duty, Plaintiff pled that Defendant had "the duty to warn passengers of hazards which passengers may reasonably be expected to encounter." (DE# 35, ¶ 32). Under breach, Plaintiff pled:

> 43. Plaintiff was injured due to the fault and/or negligence of Defendant, RCCL, and/or its agents, servants, and/or employees who were acting in the course and scope of their employment and/or agency with Carnival, and who breached the duty of reasonable care owed to the Plaintiff and was negligent by *failing to warn Plaintiff and other passengers of the dangers and/or likelihood of uninvited physical contact aboard the vessel by intoxicated and/or unruly passengers*, a danger which is exacerbated when passengers are encouraged to consume alcohol which results in the diminution of their inhibitions and good judgment.

> 44. Defendant's negligence proximately caused Plaintiff great bodily harm in that, but for the Defendant's negligence, *Plaintiff's injuries would not have occurred as Plaintiff would not have participated in the subject dance party if she had been adequately warned of the dangers presented by intoxicated and/or unruly passengers.*

(DE# 35, ¶ 43–44) (emphasis added). Disregarding the fact that Carnival Corporation has nothing to do with the instant case, the but for clause of Plaintiff's Second Amended Complaint is rather instructive to the instant motions.

In her Response, Plaintiff purports that "there is sufficient evidence on the record to establish that a reasonable person would not have been aware of the danger they were in while dancing with this passenger" because the passenger could assume that Defendant was watching the dance floor. *See* (DE# 97, p. 5). However, as noted above, this was not the hazard that Plaintiff pled Defendant failed to warn her of. The hazard pled by Plaintiff was that of a general nature, not a fact specific inquiry. Plaintiff did not plead that Defendant failed to warn her of Mr. Morris, just the general dangers imposed by intoxicated persons. This Court need not intrude on the province of the fact finder by determining that "the dangers and/or likelihood of uninvited physical contact aboard the vessel by intoxicated and/or unruly passengers" is ripe for dismissal as a matter of law and grant Defendant's Motion for Summary Judgement. (DE# 35, ¶ 43); *see Yusko v. NCL (Bah.) Ltd.*, 424 F. Supp. 3d 1231, 1236 (S.D. Fla, Jan. 3, 2020) ("Generally, falling while dancing with a partner is the type of danger that is open and obvious to the reasonable person.") (citing *Young v. Carnival Corp.*, No. 09-21949-CIV, 2011 U.S. Dist. LEXIS 10899, 2011 WL 465366, at *4 (S.D. Fla. Feb. 4, 2011) (granting defendant's motion for summary judgment because tripping while hiking is an open and obvious danger); *Isbell v. Carnival Corp.*, 462 F. Supp. 2d 1232, 1237-38 (S.D. Fla. 2006) (granting defendant's motion for summary judgment because encountering snakes while in a rainforest is an open and obvious danger); *Krug v. Celebrity Cruises, Inc.*, No. 16-22810-CIV, 2017 U.S. Dist. LEXIS 155861, 2017 WL 4277165, at *3 (S.D. Fla. Sept. 25, 2017), aff'd, 745 F. App'x 863 (11th Cir. 2018) (granting defendant's motion for summary judgment because tripping while running across a dancefloor is an open and obvious danger)); *see also Salazar v. Norwegian Cruise Line Holdings, Ltd.*, 188 F. Supp. 3d 1312, 2016 U.S. Dist. LEXIS 67395, 2016 WL 2961584, at *3 (S.D. Fla. May 23, 2016) ("'Drawing from the well of human experience leads one to the realization' that liquid may be spilled on a dance floor when that dance floor is populated by intoxicated, dancing cruise ship passengers. Under these circumstances, spilled liquid on a dance

floor is 'open and obvious to any reasonably prudent person through the exercise of common sense and the ordinary use of their eyesight.'") (internal citations omitted). The aforementioned string cite also speaks to the notion that open and obvious dangers can be apparent enough to preclude liability. Plaintiff's reliance on *Carrol v. Carnival* is misplaced because open and obvious hazards "not [sic] a bar to liability for negligently maintaining premises." 955 F.3d 1260, 1268, (11th Cir. 2020). As the claims made by Plaintiff do not amount to "negligently maintaining premises," the *Carrol* decision is not dispositive.

Additionally, Plaintiff's Response only confirms that Plaintiff's Count II must be disposed of as a matter of law. Plaintiff attaches two exhibits to her Response which show that Defendant's Guest Conduct Policy had in fact warned Plaintiff against the dangers of intoxicated persons and/or the dangers of uninvited contact prior to her voyage. *See* (DE# 97-2, p. 9) ("Royal Caribbean International guests are expected to be responsible for their actions at all times, . . . , while onboard, . . . . Consuming alcohol to excess impairs one's judgment and reduces one's ability to recognize and avoid potentially dangerous situations. Guests who choose to consume alcohol must do so responsibly."); *see also* (DE# 97-5, p. 19) ("the guest conduct policy is in the ticket contract. It is referred to on the website. Prior to boarding, guests have to accept the terms and conditions of the ticket contract."); (DE# 97-2, p. 7) (Inappropriate or Abusive Behavior: Inappropriate or abusive behavior is not permitted. This includes: uninvited physical contact, solicitation, harassment, vandalism, theft, violence, . . . .). The hazards that Plaintiff pled Defendant failed to warn her about are addressed within Defendant's Guest Conduct Policy. Therefore, Defendant cannot be said to have failed to warn Plaintiff of these general hazards.

As Plaintiff pled, but for Defendant not warning her of the dangers associated with intoxicated passengers, her "injuries would not have occurred[,] as Plaintiff would not have participated in the subject dance party if she had been adequately warned of the dangers presented by intoxicated and/or unruly passengers." *See* (DE# 35, ¶ 44). This Court need not weigh any evidence or intrude on the province of the fact finder by finding that the general hazard of intoxicated passengers on a cruise ship is an open and obvious hazard. Plaintiff would not have attended the dance party but for the failing to warn of this general hazard, therefore, no fact specific inquiry or weighing of the evidence is needed as to whether a reasonable person would have appreciated any latencies, conspicuousness and/or perceivability of any danger Mr. Morris posed to Plaintiff while she was already on the dance floor. As previously discussed,

Defendant warned Plaintiff of the hazards she pled Defendant failed to warn her about; therefore, per Plaintiff's pleading, she should not have been on the dancefloor to begin with.

Plaintiff has not met her burden to prove that Defendant owed her a duty to warn of the hazard pled, as it was open and obvious. Additionally, Defendant did in fact warn Plaintiff through its Guest Conduct Policy. Even if this Court finds that Defendant had the duty to warn of the general dangers posed by intoxicated persons and/or uninvited touching, Plaintiff has not met her burden to prove that Defendant breached that duty.

Accordingly, Defendant respectfully requests that this Court grant Defendant's Motion for Summary Judgement.

## II. THE EVIDENCE OF RECORD DOES NOT SUPPORT A FINDING OF ACTUAL OR CONSTRUCTIVE NOTICE OF EITHER COUNT I OR III

1. Count I – The evidence of record does not support that Defendant was negligent in its "supervision and/training" of its staff.

Plaintiff's has not adduced evidence that Defendant was "negligent through negligently supervising and/or training its crewmembers responsible for supervising and monitoring the RCCL sponsored dance parties, whom RCCL knew or should have known were incompetent and/or unqualified." The evidence of record points to a finding of the contrary. As Plaintiff's exhibit 5 to her Response shows, Defendant has produced its "Serve Safe" policy to which the crew members must undergo to ensure that the crew members are adequately trained in identifying signs of intoxication which may need prevention. *See* (DE# 97-5, p. 14, 29). Plaintiff has not established that the Serve Safe training to which the employees present at the Centrum Dancefloor at the time of the Subject Incident undertook is/was deficient in any manner.

Further, Plaintiff's first Count of Negligence states that:

"18. Defendant, RCCL organized, marketed, hosted, designed, and/or advertised the dance parties, and as such owed a duty to its passengers, and in particular to the Plaintiff, to supervise and monitor passengers participating in RCCL-sponsored activities
19. On or about April 12, 2019, Defendant, RCCL, and/or its agents, servants, and/or employees breached its duty to provide Plaintiff with reasonable care under the circumstances.
20. On or about April 12, 2019 the Plaintiff was injured while participating in the RCCL sponsored "Hustle" line dance aboard the RCCL Vision of the Seas.
21. Plaintiff was injured due to the fault and/or negligence of Defendant, RCCL, and/or its agents, servants, crewmembers, and/or employees who were acting in the course and scope of their employment and/or agency with RCCL,

> and was negligent through negligently supervising and/or training its crewmembers responsible for supervising and monitoring the RCCL sponsored dance parties, whom RCCL knew or should have known were incompetent and/or unqualified.
> 22. Upon information and belief, RCCL failed to promulgate and/or enforce rules or procedures to ensure that its crew members are adequately supervising the RCCL-sponsored dance parties; and/or failed to promulgate and/or enforce adequate rules and procedures for controlling passenger activity in the RCCL-sponsored dance parties.
> 23. It is foreseeable to RCCL that allowing inadequately trained and/or unqualified agents, servants, crewmembers, and/or employees to monitor RCCL sponsored dance parties creates a dangerous condition and significant risk of injury to dance party participants, such as Plaintiff."

(DE# 35 ¶ 18-23). Plaintiff's own testimony refutes these allegations because the RCCL dance event sponsored "Hustle" line dance occurred with no incident. (DE# 83-2, p. 63-64). Per Plaintiff: the instruction had ended, the band ceased playing the Hustle and began playing different music before she ever began dancing with Mr. Morris. *See Id.* How can it be said that Defendant was negligent in supervising and/or training its staff as they relate to Defendant's line dance instruction, when the line-dance instruction started and commenced without incident?

Plaintiff's Response does not address why or how Defendant was negligent in its supervision and/or training of its staff. Plaintiff's essentially relies on *ipse dixit* statements that because Defendant controlled an area, and because an accident occurred, Defendant must have breached its duty by negligently training and/or supervising its staff. Such statements are wholly insufficient. *See Carter v. Frito-Lay, Inc.*, 144 F. App'x 815,816 (11th Cir. 2005) (explaining that "unsupported conclusions of law or of mixed fact and law do not to prevent a Fed. R. Civ. P. 12(b)(6) dismissal").

Plaintiff's response addresses policies and procedures to attempt establish notice of a defective condition. However, this misses the mark as to the Count I of Negligence pled by Plaintiff. Plaintiff's Response does not support the allegation that Defendant allowed "inadequately trained and/or unqualified agents, servants, crewmembers, and/or employees to monitor RCCL sponsored dance parties" which created a dangerous condition. By all accounts, Defendant's staff present at the time of the Subject Incident had partaken in the "Serve Safe" training, to which Plaintiff has not refuted or claimed to be deficient. Additionally, as Plaintiff concedes, the Subject Incident did not occur during the RCCL sponsored "Hustle" line dance instruction.

Plaintiff's attempt to analogize the prior incidents produced to the instant case does not hold water. Plaintiff cites to *Sorrels* for the proposition that the "substantial similarities" doctrine does not call for identical circumstances and then, in a footnote, attempts to persuade this Court that the Eleventh Circuit would have ruled differently based on dicta and speculation. See (DE# 97, n. 2). Defendant certainly agrees, the Eleventh Circuit in Sorrels does hold that the prior incidents do not need to be identical to be deemed "substantially similar" enough to construe notice. *Sorrels v. NCL (Bahamas) Ltd.*, 796 F.3d 1275, 1287-88 (11th Cir. 2015). However, just as the prior incidents in *Sorrels* where not admitted into evidence, Defendant asserts that the prior incidents cited to by Plaintiff in her response are not substantially similar enough to the instant case to prove anything. 796 F.3d 1275, 1287-88 (citing *Heath v. Suzuki Motor Corp.*, 126 F.3d 1391, 1396, 1397 n.12 (11th Cir. 1997) (explaining that "before evidence of prior accidents or occurrences is admitted into evidence, the proponent of such evidence must show that conditions substantially similar to the occurrence cause the prior accidents")). In *Sorrels*, 22 cases of "slipping" were produced which were all deemed dissimilar due to factors such as the area wherein the slips occurred, the substance slipped on, the footwear of the passengers, and other factors such as slipping while chasing someone around the pool. 796 F.3d at 1287. Here, Plaintiff attempts to purport that there are thirty-five (35) similar instances because they all include "dancing." (DE# 97, p. 10). Just as in *Sorrels*, just because they all include one form of movement (slipping v. dancing), that does not mean the incidents are admissible or that they prove notice of a risk creating condition. 796 F.3d at 1287-88.

Plaintiff only cites to four specific incidents in her Response, which are sufficiently distinguishable to the instant case because none of those incidents include two passengers who initially consented to dance together, occurring during and/or immediately preceding a "line dance instruction," and/or involved an intoxicated passenger. *See* (DE# 97-4); see also (DE# 35 ¶ 15) ("Plaintiff initially consented to dancing with JOHN DOE"). The incidents Plaintiff mostly relies on in her response, while they do concern dancing, are not analogous to the instant case because of several factors: 1) the incident with Ruiping Li concerned being "pushed by other people and fell down" and does not concern allegedly intoxicated persons or initially consensual dancing; 2) the incident with Emma Ashton is distinguishable because it involved wildly overt actions by the other passenger and Ms. Ashton had asked for the patron to be removed due to his disorderly conduct 15 minutes before her incident, as opposed to the subtle "he was kind of loud, kind of clumsy" actions by Mr. Morris which were not disclosed to Defendant before the

incident or at any time on the subject voyage;[1] 3) the incident with Tysen Urry occurred on a pool deck where he was dancing on a podium and was pushed from behind into the pool; and 4) the incident with Kim O'Conner did not involve and allegedly intoxicated person and it certainly did not involve her dancing consensually with the woman who pushed her from behind. See (DE# 97-4). The one incident which is most analogous to the instant case is conveniently omitted by Plaintiff. That is the incident involving Janet Willis, wherein Ms. Willis "missed hands" with her dance partner and fell. See (DE# 97-4). That is exactly what happened in the instant case and Plaintiff's omission is curious. As previously discussed, "falling while dancing with a partner is the type of danger that is open and obvious to the reasonable person." *Yusko*, 424 F. Supp. 3d. at 1236.

All Plaintiff has done in her response has establish that an active dance floor is an "inherently uncontrolled environment." *see Snider-Hancox*, 2018 U.S. Dist. LEXIS 224453, *10, (distinguishing a lounge does not "at first glance, mirror the uncontrolled environment of an active dance floor"). Plaintiff cites to a Fifth Circuit case wherein it states "[a] defendant had more than a duty to simply promulgate these policies and procedures, it had a duty to enforce them and to properly carry them out," yet does not provide evidence that Defendant failed to properly carry out its procedures.

Any allegation by Plaintiff that Defendant has "general knowledge" is contrary to the law in the Eleventh Circuit. This argument flips maritime law on its head. The Eleventh Circuit has emphasized the import of specific notice in recent decisions. *See Malley v. Royal Caribbean Cruises Ltd.*, 713 F. App'x 905, 906-908 (11th Cir. 2017); *Taiariol v. MSC Crociere S.A.*, 677 Fed. Appx. 599, 601 (11th Cir. 2017). Evidence that the cruise line knows that passengers can generally become injured on its ships does not put it on notice of the specific risk-creating condition in a given case. *Taiariol*, at 601.

"A moving party may show an absence of evidence in the record to support the non-moving party's case to meet its burden of showing that there is no genuine issue of material fact." *Yusko*, 424 F. Supp. 3d. at 1236 (citing *Guevara v. NCL (Bahamas) Ltd.*, 920 F.3d 710, 723 (11th Cir. 2019) ("NCL may carry its burden of showing no genuine issue of material fact by

---

[1] Defendant came into possession of Mr. Electores' deposition transcript this evening. The transcript has been attached as an exhibit to the contemporaneous filing of Defendant's Reply to Plaintiff's Response to Defendant's Statement of Facts. Defendant adopts and reincorporates its objections to Plaintiff's assertion that she had informed Defendant that Mr. Morris was intoxicated at the time of the Subject Incident outlined in the aforementioned filing at ¶ 78, 79 here.

showing 'an absence of evidence to support the nonmoving party's case.'") (citation omitted); *Denney v. City of Albany*, 247 F.3d 1172, 1181 (11th Cir. 2001) ("[W]hen the non-moving party bears the burden of proof on an issue, the moving party need not support its motion with [evidence] negating the opponent's claim. . . . Instead the moving party simply may show . . . there is an absence of evidence to support the nonmoving party's case.") (internal citation and quotation marks omitted); *see also Cohen v. Carnival Corp.*, 945 F. Supp. 2d 1351, 1355-6 (S.D. Fla. 2013) (granting summary judgment where plaintiff "presented no evidence that [Defendant] had actual or constructive notice of the alleged risk-creating condition").

Here, as in *Yusko*, "Defendant points to the absence of any accident reports, passenger comment reviews or forms, reports from inspections, or substantially similar accidents that would have put Defendant on notice of any potential safety concerns associated with participating in the Dance [event] generally or dancing with [Mr. Morris] specifically." 424 F. Supp. 3d. at 1236. As discussed, the previous incidents cited to by Plaintiff in her Response do not constitute substantially similar incidents. Additionally, none of those incidents involved alleged "negligent supervision and/or training of Defendant's staff" or inferences which a reasonable fact finder could find "negligent supervision and/or training of Defendant's staff."

Accordingly, Defendant respectfully request that this Court find that Plaintiff has not satisfied her burden to prove that Defendant failed to properly supervise and/or train its staff as it relates to the hazard pled by the "Hustle" line dance instruction and grant Defendant's Motion for Summary Judgement.

2. The evidence of record does not support inferences wherein a reasonable trier of fact could find Count III for Plaintiff.

The Eleventh Circuit has "not previously considered a maritime negligence claim based on over service of alcohol." *Broberg v. Carnival Corp.*, 798 Fed. Appx. 586, 590 (11th. Cir. Jan. 24, 2020). The proper framing of the question in the instant case should be "whether [Defendant] was on notice that [Mr. Morris] was intoxicated to the extent that [he] was [a] danger." *Id.* "[A]s a prerequisite to imposing liability . . . the carrier [must] have had actual or constructive notice of the risk-creating condition." *Keefe v. Bahama Cruise Line Inc.*, 867 F.2d 1318, 1322 (11th Cir. 1989) (per curiam). "A cruise line's liability 'hinges on whether it knew or should have known about' the risk-creating condition." *Broberg*, 798 Fed. Appx. at 590 (citing *Keefe*, 867 F.2d at 1322). A plaintiff cannot avoid the obligation to prove actual or constructive notice by alleging that Defendant created the hazard alleged. Here, Plaintiff cannot distinguish the binding

precedent rejecting this type argument. *Pizzino v. NCL (Bahamas) Ltd.*, 709 Fed. Appx. 563 (11th Cir. 2017).

The testimony which Plaintiff relies upon in her Response does not satisfy the law of the Eleventh Circuit regarding actual or constructive notice. The affidavits produced by Plaintiff amount to nothing more than self-serving statements made in attempt to distract from what the facts of the instant case were at the time of the Subject Incident and are inadequate to survive summary judgement. *See Morhardt v. Carnival Corp.*, 304 F. Supp. 3d 1290, 1297, 2017 U.S. Dist. LEXIS 220158, *13, 2017 WL 8772506 ("[b]are and self-serving allegations are inadequate to carry the burden on summary judgment.") (citing *Shuler v. Bd. of Trustees of Univ. of Alabama*, 480 F. App'x 540, 544 (11th Cir. 2012); *Stewart v. Booker T. Washington Ins.*, 232 F.3d 844, 851 (11th Cir. 2000)); *Ellis v. England*, 432 F.3d 1321, 1326 (11th Cir. 2005) (finding that "mere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion"). Plaintiff's self-serving affidavit—to which she relies so heavily on—merely recites elements by claiming she had believed Mr. Morris was intoxicated 10-15 minutes before her incident and she thought Defendant had as well. *See generally* (DE# 57-2).

In her Response, Plaintiff purports that it will establish the intoxication, unruliness and erratic behavior of Mr. Morris through fact witnesses, namely, the self-serving statements made by Plaintiff. In *Broberg*, the Eleventh Circuit case to concerning whether a cruise line carrier was on notice that a passenger was intoxicated enough to pose a danger (not the novel over-serving claim put forward by Plaintiff), a toxicologist was needed when assessing whether Ms. Broberg would or would not have appeared intoxicated by the amount of drinks purportedly served. 798 Fed. Appx. at 590. Plaintiff concedes that she will not be producing a toxicologist and will rely on her eyewitness report that he was "stumbling, not keeping his balance well, and not keeping proper distance with his fellow passengers" "kind of loud and kind of clumsy" to prove that Mr. Morris was an "unruly, erratic, intoxicated, and dangerous male passenger." *See* DE# 97. This mere speculation or conjecture is not sufficient to create a genuine issue of material fact sufficient to defeat this well-supported motion for summary judgement. Additionally, as this Court has already ruled, the instant case deals with a "crowded dance floor" and it would be "speculative" and rather difficult to tell whether Mr. Morris was "stumbling, not keeping his balance well, and not keeping proper distance with his fellow passengers" because of the many passengers constantly moving around. "If any one passenger were 'stumbling, not keeping [his or her] balance well, and not keeping proper distance with . . . fellow passengers,' it would have

been difficult to tell given the number of passengers on the dance floor and their constant movement." DE# 66, p. 14.

Plaintiff has not shown that there is record evidence creating a genuine issue of material fact. Rather, Plaintiff offers mere speculation or conjecture, which is not sufficient to create a genuine issue of material fact sufficient to defeat a well-supported motion for summary judgment. *Yusko*, 424 F. Supp. 3d. at 1236 (citing *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005). Accordingly, summary judgment is warranted.

WHEREFORE, Defendant respectfully request that this Court grant Defendant's Motion for Summary Judgment.

Dated: December 21, 2020

    /s/    *Joshua R. Lopez*
**David J. Horr**
Florida Bar No.: 310761
**dhorr@admiral-law.com**
**Juan C. Perez, Jr.**
Florida Bar No.: 91581
**jperez@admiral-law.com**
**Joshua R. Lopez**
Florida Bar No.: 1020513
**jlopez@admiral-law.com**
HORR, NOVAK & SKIPP, P.A.
Two Datran Center, Suite 1700
9130 South Dadeland Boulevard
Miami, FL 33156
Telephone: (305) 670-2525
Facsimile: (305) 670-2526
***Attorneys for Defendant, Royal Caribbean Cruises, Ltd.***

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on December 21, 2020, we electronically filed the foregoing document with the Clerk of the Court using CM/ECF. We also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of

Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

        /s/     *Joshua R. Lopez*
**David J. Horr**
Florida Bar No.: 310761
**dhorr@admiral-law.com**
**Juan C. Perez, Jr.**
Florida Bar No.: 91581
**jperez@admiral-law.com**
**Joshua R. Lopez**
Florida Bar No.: 1020513
**jlopez@admiral-law.com**
*Attorneys for Defendant, Royal Caribbean Cruises, Ltd.*

2874/1714817

## SERVICE LIST

**Spencer Marc Aronfeld**
Florida Bar No.: 905161
aronfeld@aronfeld.com
**Abby Hernandez Ivey**
Florida Bar No.: 1002774
aivey@aronfeld.com
ARONFELD TRIAL LAWYERS
1 Alhambra Plaza, Penthouse
Coral Gables, FL 33134
Telephone: (305) 441-0440
Facsimile: (305) 441-0198
*Attorneys for Plaintiff, Deborah Reed*

**David J. Horr**
Florida Bar No.: 310761
**dhorr@admiral-law.com**
**Juan C. Perez, Jr.**
Florida Bar No.: 91581
**jperez@admiral-law.com**
**Joshua R. Lopez**
Florida Bar No.: 1020513
jlopez@admiral-law.com
HORR, NOVAK & SKIPP, P.A.
Two Datran Center, Suite 1700
9130 South Dadeland Boulevard
Miami, FL 33156
Telephone: (305) 670-2525
Facsimile: (305) 670-2526
*Attorneys for Defendant, Royal Caribbean Cruises, Ltd.*